■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JEROME LIEBERMAN, Respondent.— Appeal from an order of the County Court, Kings County, which dismissed an indictment as against respondent and exeronated his bail. Respondent and one Mittman were indicted for manslaughter in the second degree, the indictment charging that "defendants, acting in concert and each aiding and abetting the other * * * without a design to effect the death, in the heat of passion, struck and beat Rheinhold Peter Ulrickson with their fists causing him to sustain injuries as a result of which" he died. It appears from the testimony before the Grand Jury that decedent was hit once, only by Mittman, and that his death was due to a fracture of the skull sustained when his head struck the sidewalk. Respondent was present but

concededly took no part in that assault. It is the People's contention that respondent was equally responsible with Mittman for decedent's death, on the theory that Mittman and respondent had entered into a general conspiracy to beat vagrants and that the attack on decedent was an act in pursuance of the conspiracy. Order affirmed. In our opinion, the evidence before the Grand Jury failed to show any conspiracy as claimed by the People, or that respondent aided and abetted Mittman in beating and striking decedent as alleged in the indictment. There being insufficient proof to warrant a conviction for the crime charged, the indictment based thereon was properly dismissed. (Cf. *People* v. *Nitzberg*, 289 N. Y. 523, 526; *People* v. *Jackson*, 291 N. Y. 451, 456.) We therefore do not reach the question whether respondent could be found guilty of the crime charged in the indictment if in fact he had entered into the claimed conspiracy. Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion to dismiss the indictment, with the following memorandum: Evidence of conspiracy, although not direct, may be circumstantial, pieced together from concerted action. (*People* v. *Emieleta*, 238 N. Y. 158, 163.) In my opinion, the following circumstantial evidence before the Grand Jury would be sufficient to raise a question of fact for the trial jury: (a) during the afternoon of August 6, 1954 Mittman boasted to appellant and another about beating vagrants, whereupon an appointment was made for that evening to show them how it was done; (b) about 9:30 that evening the three met for the purpose mentioned; (c) Mittman and respondent assaulted one Perrett, who fell to the ground; (d) about ten minutes later, the three faced Ulrickson, about six feet away from where Perrett lay bleeding, whereupon Mittman struck Ulrickson, who fell to the ground, later dying from the injuries sustained. Whether there was an abandonment of the conspiracy between the assault on Perrett and the assault on decedent is a question of fact for the jury. The indictment does not charge conspiracy to commit manslaughter. It charges conspiracy to commit assault which, because death resulted, amounted to manslaughter in the second degree, the assault being not by a dangerous weapon or by cruel or unusual means. (Penal Law, § 1052, subd. 2.) In my opinion, such an indictment is sufficient in law.